# UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| R2 SOLUTIONS LLC,<br>Plaintiff,<br>v.<br>WORKDAY, INC.,<br>Defendant. | Civil Action No. 4:21-cv-00093-ALM<br>Jury Trial Demanded |

## WORKDAY, INC.'S ANSWER AND AFFIRMATIVE DEFENSES IN RESPONSE TO R2 SOLUTIONS LLC'S COMPLAINT

Defendant Workday, Inc. ("Workday") files this, its Answer and Affirmative Defenses to Plaintiff R2 Solutions LLC's ("R2") Complaint for Patent Infringement (Dkt. No. 1) of U.S. Patent Nos. 8,190,610 ("the '610 patent" and 8,341,157 ("the '157 patent"). Workday denies the allegations and characterizations in R2's Complaint unless expressly admitted in the following numbered paragraphs, which correspond to the numbered paragraphs in the Complaint.

## THE PARTIES

1. Workday lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of the Complaint and, therefore, denies them.

2. Workday admits that it is a Delaware corporation with a place of business located at 3001 Dallas Pkwy. #600, Frisco, Texas 75034. Workday admits that it may currently be served with process through its registered agent, C T Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

3. Workday admits that it is a provider of, among other things, financial management and human capital management software to companies, and that certain of its offerings may involve platform subscriptions. Workday further states that the webpage cited by R2 in Paragraph 3 of the Complaint, https://www.workday.com/content/dam/web/en-us/documents/datasheets/datasheet-workday-human-capital-management.pdf, speaks for itself and requires no response. Any remaining allegations in Paragraph 3 of the Complaint are denied.

**JURISDICTION AND VENUE**

4. Workday admits that the Complaint purports to set forth a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Workday admits that this Court has subject matter jurisdiction over actions for patent infringement under 28 U.S.C. §§ 1331 and 1338(a). Workday denies that R2 is entitled to any relief for its allegations of patent infringement, whether by award of damages, injunction, or otherwise. Workday denies any allegations of infringement.

5. Workday does not contest, solely for the purpose of the present litigation, whether personal jurisdiction over it properly lies in this District. Workday lacks knowledge or information sufficient to form a belief about the truth or accuracy of the webpage cited by R2 in Paragraph 5 of the Complaint, https://www.bing.com/search?q=workday+jobs+frisco+tx&cvid=d0b68a5be2e24779a69ba6d752 6dadb8&FORM=ANAB01&PC=DCTS, and, therefore, denies any allegations based on the same. The remaining allegations set forth in Paragraph 5 of the Complaint state legal conclusions to which no response is required; if such a response is required, Workday denies those, and any other remaining, allegations.

6. Workday denies that it has committed acts of infringement, directly or indirectly, in the Eastern District of Texas or elsewhere, or that it has committed any act, directly or indirectly, that would give rise to any cause of action under the Complaint. Workday does not contest, solely for the purpose of the present litigation, whether personal jurisdiction over it properly lies in this District. The remaining allegations set forth in Paragraph 6 of the Complaint state legal conclusions to which no response is required; if such a response is required, Workday denies those, and any other remaining, allegations.

7. Denied.

8. Workday denies that it has committed acts of infringement, directly or indirectly, in the Eastern District of Texas or elsewhere, or that it has committed any act, directly or indirectly, that would give rise to any cause of action under the Complaint. Workday admits that venue is permissible for purposes of this action alone, though it is not a convenient venue or forum. Workday admits that it has a place of business located at 3001 Dallas Pkwy. #600, Frisco, Texas 75034 and conducts business therefrom. To the extent that Paragraph 8 of the Complaint incorporates R2's allegations of Paragraphs 2-3 of the Complaint, Workday incorporates by reference its response to those Paragraphs. Workday further states that the webpage cited by R2 in Paragraph 8 of the Complaint, https://www.workday.com/en-us/customer-experience/customers.html?q=collin, speaks for itself and requires no response. Workday lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of the Complaint relating to the location of Collin College and, therefore, denies them. The remaining allegations set forth in Paragraph 8 of the Complaint state legal conclusions to which no response is required; if such a response is required, Workday denies those, and any other remaining, allegations.

## BACKGROUND

9. Workday lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 of the Complaint and, therefore, denies them.

10. Workday lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 of the Complaint and, therefore, denies them.

11. Workday lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Complaint and, therefore, denies them.

12. Workday lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Complaint and, therefore, denies them.

## THE PATENTS-IN-SUIT

13. Workday admits that, on its face, the '610 patent lists as its title "MapReduce for Distributed Database Processing," an issue date of May 12, 2012, and an application number of U.S. Patent Application No. 11/539,090 with a filing date of October 5, 2006. Workday admits that R2's Complaint purports to include a copy of the '610 patent as Exhibit 1. Any remaining allegations in Paragraph 13 of the Complaint are denied.

14. Workday admits that, on its face, the '157 patent lists as its title "System and Method for Intent-Driven Search Result Presentation," an issue date of December 25, 2012, and an application number of U.S. Patent Application No. 12/533,299 with a filing date of July 31, 2009. Workday admits that R2's Complaint purports to include a copy of the '157 patent as Exhibit 2. Any remaining allegations in Paragraph 14 of the Complaint are denied.

15. Workday lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of the Complaint and, therefore, denies them.

16. The allegations set forth in Paragraph 16 of the Complaint state legal conclusions to which no response is required; if such a response is required, Workday denies those, and any other remaining, allegations.

17. Workday answers that the ’610 patent speaks for itself and no response is required. To the extent that a response is required, Workday denies the allegations of Paragraph 17 of the Complaint.

18. Workday answers that the ’610 patent speaks for itself and no response is required. To the extent that a response is required, Workday denies the allegations of Paragraph 18 of the Complaint.

19. Workday answers that the ’610 patent speaks for itself and no response is required. To the extent that a response is required, Workday denies the allegations of Paragraph 19 of the Complaint.

20. Workday answers that the ’610 patent speaks for itself and no response is required. To the extent that a response is required, Workday denies the allegations of Paragraph 20 of the Complaint.

21. Workday answers that the ’610 patent speaks for itself and no response is required. To the extent that a response is required, Workday denies the allegations of Paragraph 21 of the Complaint.

22. Workday answers that the ’610 patent speaks for itself and no response is required. To the extent that a response is required, Workday denies the allegations of Paragraph 22 of the Complaint.

23. Workday answers that the ’157 patent speaks for itself and no response is required. To the extent that a response is required, Workday denies the allegations of Paragraph 23 of the Complaint.

24. Workday answers that the ’157 patent speaks for itself and no response is required. To the extent that a response is required, Workday denies the allegations of Paragraph 24 of the Complaint.

25. Workday answers that the ’157 patent speaks for itself and no response is required. To the extent that a response is required, Workday denies the allegations of Paragraph 25 of the Complaint.

26. Workday answers that the ’157 patent speaks for itself and no response is required. To the extent that a response is required, Workday denies the allegations of Paragraph 26 of the Complaint.

27. The allegations set forth in Paragraph 27 of the Complaint state legal conclusions to which no response is required; if such a response is required, Workday denies those, and any other remaining, allegations.

**COUNT I**
**[ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,190,610**

28. Workday incorporates its responses to the allegations of Paragraphs 1-13, 15-22, and 27 of the Complaint set forth above as if fully set forth herein.

29. Workday admits that the Complaint purports to set forth a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Workday denies that R2 is entitled to any relief for its allegations of patent infringement, whether by award of damages, injunction, or otherwise. Workday denies any allegations of infringement.

30. Workday lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 of the Complaint and, therefore, denies them.

31. The allegations set forth in Paragraph 31 of the Complaint state legal conclusions to which no response is required; if such a response is required, Workday denies those, and any other remaining, allegations.

***[Alleged] Direct Infringement (35 U.S.C. § 271(a))***

32. Denied.

33. Denied.

34. Workday admits that R2's Complaint purports to include as Exhibit 3 a claim chart relating to R2's allegations against Workday regarding the '610 patent. Any remaining allegations in Paragraph 34 or contained in Exhibit 3 of the Complaint are denied.

35. Denied.

***[Alleged] Damages***

36. Denied.

**COUNT II**
**[ALLEGED] INFRINGEMENT OF U.S. PATENT NO. 8,341,157**

37. Workday incorporates its responses to the allegations of Paragraphs 1-12, 14-16, and 23-27 of the Complaint set forth above as if fully set forth herein.

38. Workday admits that the Complaint purports to set forth a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. Workday denies that R2 is entitled to any relief for its allegations of patent infringement, whether by award of damages, injunction, or otherwise. Workday denies any allegations of infringement.

39. Workday lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 of the Complaint and, therefore, denies them.

40. The allegations set forth in Paragraph 40 of the Complaint state legal conclusions to which no response is required; if such a response is required, Workday denies those, and any other remaining, allegations.

***[Alleged] Direct Infringement (35 U.S.C. § 271(a))***

41. Denied.

42. Denied.

43. Workday admits that R2's Complaint purports to include as Exhibit 4 a claim chart relating to R2's allegations against Workday regarding the '157 patent. Any remaining allegations in Paragraph 43 or contained in Exhibit 4 of the Complaint are denied.

44. Denied.

***[Alleged] Damages***

45. Denied.

## DEMAND FOR A JURY TRIAL

Workday is not required to provide a response to R2's request for a trial by jury.

## PRAYER FOR RELIEF

Workday denies the underlying allegations of R2's Prayer for Relief against Workday, denies that R2 is entitled to any relief whatsoever, and requests that the Court deny all relief to R2, enter judgment in favor of Workday, and award Workday its attorneys' fees as the prevailing party in the action.

## AFFIRMATIVE DEFENSES

Workday's Affirmative Defenses are listed below. To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, Workday denies them. Workday reserves the right to amend this Answer to add additional Affirmative Defenses, including allegations of inequitable conduct, and/or any other defenses currently unknown to Workday, as they become known throughout the course of discovery in this action. Assertion of a defense is not a concession that Workday has the burden of proving the matter asserted.

### First Defense
### (Non-Infringement)

Workday does not and has not infringed, under any theory of infringement, including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement), any valid, enforceable claim of the asserted patents.

### Second Defense
### (Invalidity)

Each asserted claim of the asserted patents is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### Third Defense
### (Failure to Mark)

To the extent that R2, its alleged predecessors-in-interest, or R2's licensees to the asserted patents, if any, failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Workday's actions allegedly infringed the asserted patents, Workday is not liable to R2 for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the asserted patents.

**Fourth Defense**
**(Laches, Estoppel, and Waiver)**

R2's attempted enforcement of the asserted patents against Workday is barred by laches, estoppel, and/or waiver.

**Fifth Defense**
**(Limitation on Damages)**

R2's claims for damages are statutorily limited or barred by 35 U.S.C. § 286.

**Sixth Defense**
**(Prosecution History Estoppel)**

R2's claims are barred by the doctrine of prosecution history estoppel based on statements, representations, and admissions made during prosecution of the patent applications resulting in the asserted patents.

**Seventh Defense**
**(Failure to State a Claim)**

R2's Complaint fails to state a claim upon which relief can be granted.

**Eighth Defense**
**(No Exceptional Case)**

R2 has failed to state a claim for relief against Workday for an exceptional case under 35 U.S.C. § 285.

**Ninth Defense**
**(Express or Implied License or Patent Exhaustion)**

R2's claims are precluded in whole or in part to the extent that any allegedly infringing acts or products or components thereof are subject to a license to the asserted patents.

Dated: May 20, 2021

Respectfully submitted,

By: */s/ Stephen A. Marshall*

Stephen A. Marshall
D.C. Bar No. 1012870
smarshall@willkie.com
WILLKIE FARR & GALLAGER LLP
1875 K Street, NW
Washington, DC 20006-1238
(202) 303-1198
(202) 303-2000

*Attorney for Defendant Workday, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 20, 2021 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Stephen A. Marshall*
Stephen A. Marshall